UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RICHARD MELVIN CARONIA**                     **CIVIL ACTION**

**VERSUS**                                     **NO. 14-590**

**NORTH SHORE WORKFORCE, LLC, ET AL.**         **SECTION "B"(1)**

## REPORT AND RECOMMENDATION

Plaintiff, Richard Melvin Caronia, filed this civil action pursuant to 42 U.S.C. § 1983. He named as defendants North Shore Workforce, LLC, Casey Webb, "Head Man Peachy," and "Supervisor Lester." In the complaint, plaintiff claims that he was denied needed medication.

The United States Marshal attempted to serve the defendants; however, service could not be effected based on the information provided in the complaint.[1] On April 11, 2014, the undersigned notified plaintiff that he must provide correct service addresses for the defendants and warned that the failure to do so, or the failure to show good cause for failing to do so, could result in the dismissal of his claims pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[2] Plaintiff did not respond to that Order.

In pertinent part, Rule 4(m) provides:

If a defendant is not served within 120 days after the complaint is filed, the court –
on motion or on its own after notice to the plaintiff – *must* dismiss the action without
prejudice against that defendant or order that service be made within a specified

---

[1]   Rec. Docs. 5, 6, 7, and 8.

[2]   Rec. Doc. 9.

>time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m) (emphasis added).

Plaintiff was granted pauper status in this lawsuit.[3]  Therefore, he is entitled to have service effected by the United States Marshal.  Fed.R.Civ.P. 4(c)(3).  That fact, however, does not relieve plaintiff of all responsibility regarding service.  Rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant *and attempt to remedy any apparent service defects of which a plaintiff has knowledge*."  Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987) (emphasis added).  Dismissal is appropriate when service has not been properly effected due to the inaction or dilatoriness of a plaintiff proceeding *in forma pauperis*.  Id.

More than one hundred twenty days have elapsed since this lawsuit was filed.  Despite the passage of that extensive period of time, plaintiff has not provided this Court or the United States Marshal with proper service addresses for the defendants.  Moreover, plaintiff received notice of the fact that the defendants had not been served, as well as an opportunity to cure that defect.  Nevertheless, he has not cured the defect by providing the necessary service information, and, as a result, the United States Marshal cannot effect service.  Therefore, the failure to serve the defendants results not from the actions or inactions of the Court or the United States Marshal, but rather solely from the inaction and dilatoriness of plaintiff.

Despite being given express notice that his claims could be dismissed unless he provided the required information or showed good cause for failing to do so, plaintiff has done neither.

---

[3]   Rec. Doc. 3.

Accordingly, dismissal of his claims is now appropriate.  See, e.g., Armant v. Stalder, 351 Fed. App'x 958, 959 (5th Cir. 2009); Pines v. St. Tammany Parish Prison, Civ. Action No. 09-3113, 2009 WL 3347384 (E.D. La. Oct. 14, 2009).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 4(m).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this twenty-second day of July, 2014.



    **SALLY SHUSHAN**
    **UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.